UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTORIA STREIT, | ) | Case No. ED CV 06-954-OP |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE,[1] Commissioner of Social Security, | ) | |
| Defendant. | ) | |

# I.

# **INTRODUCTION**

On August 30, 2006, Plaintiff Victoria Streit ("Plaintiff"), lodged a Complaint seeking review of the Commissioner's denial of her application for Disability and Disability Insurance benefits, and Supplemental Security Income payments. On May 16, 2007, in accordance with the Court's Case Management

---

[1] Michael J. Astrue, who was sworn in as the Commissioner of the Social Security Administration on February 12, 2007, is substituted as the Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Order,[2] the parties filed a Joint Stipulation ("JS"). The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation.[3]

## II.

## BACKGROUND

On June 23, 2004, Plaintiff filed applications for Disability Insurance benefits and Supplemental Security Income payments, alleging that she had become disabled and unable to work as of June 10, 2004, due to chronic liver disease, ascites,[4] upper and lower peripheral neuropathy, leg and arm pain, and side effects from her medication, including fatigue, dizziness, and decreased concentration. (Administrative Record ("AR") at 14, 72-79; JS at 2.) The Administration denied the application initially and upon reconsideration. (AR at 184, 190.) Plaintiff then sought review before an Administrative Law Judge ("ALJ"). (Id. at 34.) On February 8, 2006, the matter proceeded to a hearing before an ALJ. (Id. at 203-50.)

On April 10, 2006, the ALJ issued a decision denying Plaintiff's claim for benefits. (Id. at 14-18.) Plaintiff requested review before the Appeals Council. (Id. at 10.) On June 30, 2006, the Appeals council denied Plaintiff's request for review. (Id. at 6-9.) The timely filing of the current action followed.

---

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

[3] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 14.)

[4] An abnormal buildup of fluid in the abdomen that causes distention. (JS at 5 n.2.)

As reflected in the April 10, 2006, hearing decision (id. at 14-18), the ALJ found that Plaintiff suffered from medically determinable impairments (i.e., "chronic active hepatitis B and C, alcoholic liver disease, and possible cirrhosis of the liver"), which were "severe," but which did not meet or equal the criteria of any of the impairments listed in 20 C.F.R. section 404, Subpart P, Appendix 1 ("Listing of Impairments"). (AR at 17.) The ALJ also found that:

1. Plaintiff's subjective allegations were not fully credible or reliable to the extent those statements constituted an allegation that Plaintiff has been precluded from engaging in all substantial gainful activity for a period of twelve continuous months;

2. Plaintiff retained the residual functional capacity ("RFC") to perform light work with some restrictions, including: no complex tasks; lying down during lunch breaks, lifting and carrying ten pounds frequently and twenty pounds occasionally, standing and walking up to two hours of an eight-hour workday; sitting for six hours of an eight-hour workday; standing for short periods of time and stretching for a few seconds and taking a few steps; occasionally stooping, bending, and bending knees; climbing stairs but not a ladder; and needing to work in an air conditioned environment; and

3. Plaintiff could perform her past work as a receptionist and billing clerk; she also could work as a surveillance system monitor, a sedentary work activity.

(AR at 16, 17-18.) The Vocational Expert ("VE") also testified that Plaintiff could perform her prior work as a receptionist or billing clerk and also was capable of performing work at the sedentary level. (Id. at 17, 240-48.)

The ALJ therefore concluded that Plaintiff had not been under a

"disability" as defined in the Social Security Act at any time through the date of the ALJ's decision and was not eligible for benefits. (Id. at 17, 18.)

## III.
## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ provided clear and convincing reasons to reject the opinion of the treating physician;

2. Whether the ALJ erred in rejecting the hand limitations opinion of Dr. Landau; and

3. Whether the ALJ provided clear and convincing reasons to reject the Plaintiff's subjective limitations.

(JS at 3.)

## IV.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision

must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

## V.

## DISCUSSION

**A.** **Reversal Is Not Warranted Based on the ALJ's Alleged Error with Respect to the Opinion of Plaintiff's Treating Physician.**

**1.** **Background.**

The ALJ found that Plaintiff had the medically determinable impairments of chronic active hepatitis B and C, alcoholic liver disease, and possible cirrhosis of the liver. (AR at 17.) He found that these impairments, singly or in combination, as well as her subjective complaints, did not significantly limit Plaintiff in her ability to perform basic work-related activities for twelve consecutive months, and, therefore, were not severe. (Id.) Thus, the ALJ found Plaintiff not disabled. (Id. at 18.)

On June 18, 2004, Plaintiff sought treatment in the emergency room because she had been experiencing "intractable nausea and vomiting" (id. at 16, 145, 170), as well as distention of her abdomen. (Id. at 170.) Because of elevated lipase levels, she was admitted for further testing and discharged the next day, on June 19, 2004. (Id. at 132.) She was diagnosed at discharge with alcoholic liver disease, cirrhosis syndrome, with mild hepatomegaly, elevated liver enzymes, bilirubin, and also ascites. (Id. at 134.)

Two days later, on a check-off form dated June 21, 2004, Plaintiff's physician, Dr. A. Jiffry, who treated her while hospitalized, indicated that Plaintiff was "incapacitated from work" and that her incapacity was "Permanent." (Id. at 172.) He further noted that her physical/mental ability was substantially reduced by "abdominal pain." (Id.) Plaintiff contends the ALJ erred because he failed to provide clear and convincing reasons for rejecting the opinion of Dr. Jiffry. This Court does not agree.

### 2. **Analysis.**

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, as it is here, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

Dr. Jiffry's report, a state welfare form for Cal-works,[5] was completed two days after her discharge. The report references abdominal pain but, contrary to Plaintiff's attempts to "wrap" her neuropathic symptoms into Dr. Jiffry's diagnosis (JS at 8), the report does not even mention Plaintiff's neuropathy as a

---

[5] See Young v. Sullivan, 911 F.2d 180, 185 (9th Cir. 1990) (decisions of other agencies are not binding on Commissioner); 20 C.F.R. § 416.904 (determinations by other organizations and agencies are not binding); 20 C.F.R. § 416.927(e)(1) (opinions on issues reserved for the Commissioner).

disabling factor. The ALJ, although accepting the June 2004 diagnosis of Dr. Jiffry, also noted that progress notes from follow-up visits to another treating physician, in July 2004 – one month later – "showed that the claimant's alcoholic liver disease with ascites by history had been resolved." (AR at 16, 168.)[6] The Court considers this to be not only a specific and legitimate reason for rejecting the disability opinion of Dr. Jiffry, but one that is clear and convincing.

### B. Remand Is Not Warranted Based on the ALJ's Rejection of the Hand Limitations Opinion of Dr. Landau.

At the hearing, the medical expert, Dr. Landau, testified that Plaintiff was limited to occasional fine and gross manipulation with her hands and that she could not perform any forceful gripping, grasping, or twisting. (AR at 16, 213-14.) He also testified that Plaintiff's diagnosed neuropathy is not a permanent condition – if she stopped drinking, she should get better. (Id. at 213-24.) Plaintiff contends the ALJ erred in rejecting Dr. Landau's opinion. However, the ALJ stated that he "agrees with Dr. Landau's testimony, as it comports with the evidence of record." (Id. at 16.) Thus, the Court does not agree with Plaintiff's characterization of the ALJ's treatment of Dr. Landau's opinion.

Plaintiff also contends, however, that the ALJ erred in rejecting the hand limitations set by Dr. Landau when he ignored Dr. Landau's clarifying response to Plaintiff's attorney's questioning wherein he "conceded that there was no indication in the record that Ms. Streit was improving despite no evidence of continue[d] alcohol. use, and specifically described Ms. Streit's neuropathy as 'persistent.'" (JS at 10; AR at 215.) Again, the Court does not agree that the ALJ rejected this opinion.

---

[6] That report also noted that Plaintiff's neuropathy continued but was helped by the medication Neurontin. That doctor increased the Neurontin to help further control Plaintiff's neuropathic pain symptoms. (AR at 168.)

In fact, the ALJ included Dr. Landau's hand limitations in his hypothetical to the VE.[7] The VE testified that when all of the hand limitations were included in the hypothetical (no forceful gripping, grasping, twisting, and only occasional fine and/or gross manipulation), Plaintiff would be unable to perform her past work as a receptionist, data entry clerk, or billing clerk. (AR at 241-42.) Even with those limitations, however, the VE testified Plaintiff still could perform sedentary unskilled work such as surveillance systems monitor and that those jobs existed in the community. (Id. at 242.) When the ALJ eliminated only occasional fine and/or gross manipulation limitation from the hypothetical, the VE testified that Plaintiff would be able to perform her past work. (Id. at 243.)

In his RFC finding, although the ALJ found that Plaintiff had the RFC to perform light work with some restrictions, including her past work as a receptionist and billing clerk, he also found that given the specific work restrictions he had described to the VE, there was work available to Plaintiff as a surveillance system monitor, a sedentary job, which Plaintiff would be capable of performing even with all hand limitations. (Id. at 17.) Thus, even if it was error for the ALJ to determine that Plaintiff could perform her past relevant work at step four of his analysis, in accordance with the Commissioner's burden at step five of his analysis, he also found that there was other work Plaintiff could perform even with the hand restrictions taken into account.

Accordingly, the Court finds little or no evidence that the ALJ rejected the opinion of Dr. Landau with respect to Plaintiff's hand limitations. The ALJ's findings were consistent with Dr. Landau's assessment and with the evidence of record. Even assuming there was error, any error was harmless because the ALJ

---

[7] Defendant states "[t]he ALJ did not include hand limitations in his hypothetical questions to the vocational expert because her condition was not confirmed by objective testing or findings." (JS at 10-11.) This is incorrect.

met his burden of showing that there was sedentary work Plaintiff could perform even with those limitations. Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990) (harmless error rule applies to review of administrative decisions regarding disability).

**C.   Remand Is Not Warranted Based on the ALJ's Failure to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Subjective Pain Complaints.**

The ALJ found that to the extent Plaintiff's subjective statements constituted an allegation that she had been precluded from engaging in all substantial gainful activity for a period of twelve continuous months, her statements were "neither credible nor reliable." (AR at 17 (citing Soc. Sec. Ruling 96-7p).) Plaintiff contends the ALJ failed to provide clear and convincing reasons for rejecting her subjective pain testimony. Specifically, she claims he improperly rejected the following complaints: i) severe pain, numbness, and tingling in her legs; ii) pain in her arms such that it hurt to lift things; and iii) side effects from her medication caused dizziness and drowsiness.[8] (JS at 12.)

An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas, 278 F.3d at 958-59 (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors;" "[t]ype, dosage, effectiveness, and adverse side-effects of any medication;" "[t]reatment, other than medication";

---

[8] The ALJ credited Plaintiff's testimony regarding drowsiness in part by incorporating into his RFC that she would need to lie down during lunch breaks. (See AR at 16.)

"[f]unctional restrictions;" "[t]he claimant's daily activities;" "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment;" and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnel v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc) (citations omitted); see also Soc. Sec. Ruling 96-7p;[9] 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin, 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities, and the lack of side effects from prescribed medication). Where a claimant has established an underlying medical impairment which could reasonably be expected to produce some subjective symptoms, an ALJ must give specific, clear and convincing reasons to reject allegations of

---

[9] The Ruling lists factors to be considered such as: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain and other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. Ruling 96-7p.

10

subjectively disabling symptoms. Thomas, 278 F.3d at 959-60.

The Court agrees with the Commissioner that the ALJ set forth sufficient reason for finding Plaintiff not entirely credible, including the facts that i) the objective medical evidence and opinion evidence did not support her allegation that she was incapable of performing any work activity; ii) Plaintiff reported to the doctor that her medication helped alleviate her neuropathic symptoms; iii) there was no evidence in the record that Plaintiff reported any medication side effects to her doctors; iv) despite testifying to pain and swelling in her fingers, Plaintiff wore numerous rings to the hearing; v) Plaintiff did not testify to pain in her hands until "led by her attorney;" vi) any side effects from Plaintiff's medication would be short-lived as the medication built up in her system; and vii) Plaintiff's neuropathy could be expected to be a non-permanent condition unless there is more drinking on her part. (AR at 15-16.)

Accordingly, the Court finds that the ALJ's adverse credibility determination was proper because (a) the ALJ's discussion of Plaintiff's credibility reflects consideration of the factors set forth in Social Security Ruling 96-7p, and (b) the ALJ's reasons were supported by substantial evidence and were sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony.

## VI.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: February 4, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge